[Nos. 15341, 15342, 15343.    Department Two.    August 18, 1919.]

THE STATE OF WASHINGTON, *on the Relation of W. H. McKee et al.*, Plaintiff, v. CLARK V. SAVIDGE, *as Commissioner of Public Lands, Respondent.*

THE STATE OF WASHINGTON, *on the Relation of Addison Shoudy*, Plaintiff, v. CLARK V. SAVIDGE, *as Commissioner of Public Lands, Respondent.*[1]

PUBLIC LANDS (75-83) — DISPOSAL OF GRANTED LANDS — GRAZING LEASE—POWERS OF COMMISSIONER. Subject to the Congressional restriction that no more than one section of grazing land be leased to one person, the commissioner of public lands may lease granted lands to the highest bidder, under Rem. Code, § 6681, or exercise his discretion in rejecting all bids under § 6688.

SAME (75-83).    Under Rem. Code, § 6612, authorizing the commissioner of public lands to review and reconsider his public acts, and Id., § 6616, providing for an appeal to the supreme court, the commissioner of public lands acts within his powers and discretion in letting grazing leases of less than one section to the highest bidders who are apparently qualified, and cannot be mandamused at the suit of other bidders who made no demand for a hearing or offer to prove that the highest bidders were disqualified.

Applications filed in the supreme court April 19, 1919, for writs of mandamus to compel the state land commissioner to issue leases for certain state grazing lands.    Denied.

*Ralph Kauffman*, for relators.

*The Attorney General* and *Jno. A. Homer, Assistant*, for respondent.

HOLCOMB, C. J.—These three applications made to this court were consolidated for hearing and determination.

[1]Reported in 183 Pac. 111.

Each relator seeks a writ of mandate to compel the state land commissioner to issue to him a lease covering certain state grazing lands in Kittitas county. Demurrers were interposed to the applications and motions were made in each case objecting to the jurisdiction of the court to grant the relief sought. Answers or affidavits were also filed at the same time showing the acts and contemplated acts of the commissioner in the premises.

A summary of the facts in the petitions in each case upon which relators rely for the issuance of the leases to them is as follows:

On March 15, 1919, the auditor of Kittitas county, by direction of respondent, invited bids for lease of certain school indemnity land of the state, known as "grazing land." At the public leasing of the three tracts of land involved herein, the auditor announced that the highest and best offer in each instance was that of a party whose bid exceeded that of relator, and that the lands would be leased to such successful bidders, subject to the approval of the respondent. It is averred that the successful bidder on each tract of land was represented by an attorney who pretended to act for said bidder, but who was, in fact, bidding either for a gas and water company or for a certain copartnership engaged in the sheep growing business, or for both of them; that the successful bidder owns no live stock; that he had an agreement to hold the legal title to the land for the benefit of the parties (or would assign to them his lease when executed), for whom it is alleged the attorney in reality acted, and that this is in contravention of the terms of the act of the United States Congress granting the lands to this state, the real parties in interest having previously obtained the full beneficial interest in leases to grazing land in excess of one section.

Respondent's affidavit sets up facts constituting compliance with the statute governing leases of grazing lands of the state—notice of public auction of. leases, accepted bid highest offered, payment of first year's rental thereunder, and that no lease of public lands of the state which is now in force has been issued to such bidder. Respondent contends that § 6681, Rem. Code, requires leasing of land of the character of that in controversy to the highest bidder at public auction; that it appears from the return of the county auditor that the party to whom the lease will issue was the highest bidder.

The enabling act of Congress, granting these lands to the state of Washington, in § 11 thereof provided:

"Said lands may, under such regulations as the legislature shall prescribe, be leased for periods of not more than five years, in quantities not exceeding one section to any one person or company."

While not part of the statutory regulations of the legislature of Washington, the above restriction by Congress must govern the state commissioner of public lands in leasing such granted lands.

But while so restricted, the commissioner is nevertheless entitled to the presumption that he exercises his powers and performs his duties according to law, unless the contrary manifestly appears.

So far as the returns to the commissioner show, the highest bidder at the public exposal of the lands involved in each instance herein is a person entitled to acceptance as such bidder and to receive the lease, and not a person having such granted lands leased as, with those here involved, would render such bidder a lessee of more than one section of such lands.

Section 6688, Rem. Code, provides that "the commissioner of public lands or the auditor may reject any and all bids [for such lease] when the interests

of the state shall justify it." This empowers those officers to reject the bid of any person or company when the acceptance thereof would result in the leasing of more than one section of such granted lands to any one person or company. The officers are thus granted discretion relating to such matters, which, however, they may not abuse, or accept or reject such bids arbitrarily.

Another statutory provision (Rem. Code, § 6612) authorizes "the board of state land commissioners or the commissioner of public lands to review and reconsider any of their official acts relating to the public lands until such time as a lease, contract or deed shall have been made, executed and finally issued." And another (Rem. Code, § 6616) provides for an appeal to the superior court of the county in which such lands are situated, from any order or decision of the board of state land commissioners relating to same, by the party feeling aggrieved thereby.

While these relators made formal protest in writing to the commissioner, it does not appear that any demand for a hearing and offer to prove the allegations of the relators was made to the commissioner or board of state land commissioners and denied. There is no specific statutory provision for such hearing other than those hereinbefore cited, and the power granted by Rem. Code, § 6611, to issue subpoenas and compel the attendance of witnesses, under penalty of contempt, and to conduct the examination of the witnesses. Under those provisions we have no doubt that the commissioner would, in all such cases, where sufficient showing is made that the bidding was collusive, or simulative, or violative of the laws relating to such leases, grant such hearing. And we have no doubt it would be his duty, upon such sufficient showing and demand, so to do.

As it appears by the answering affidavits of respondent in each of these proceedings that he is doing or threatening no more than accepting bids from apparently legally qualified bidders to lease to each of them less than one section of land, and that each such bidder is the highest bidder for the tract bid in by him, and that he has no knowledge or information as to the allegations contained in the respective affidavits of relators sufficient to form a belief, we are impelled to hold that he has not acted, or threatened to act, arbitrarily or capriciously, but entirely within his powers and discretion upon the returns made to him; and no more searching proceeding and inquiry having been required of him, he is acting wholly within his powers and duties, with which we cannot interfere.

Writs denied.

MOUNT, FULLERTON, MAIN, and MITCHELL, JJ., concur.