[No. 15626.   Department Two.   April 5, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Warren Stetson, Plaintiff*, v. C. V. SAVIDGE, *Commissioner of Public Lands, Respondent*.[1]

PUBLIC LANDS (84)—MINES AND MINERALS (1-A)—TIDE LANDS—LEASE. Under Rem. Code, §6641, classifying tide lands as public lands and providing that "public lands" and "state lands" are synonymous, tide lands are "lands belonging to the state" within the meaning of Id., § 6791, authorizing oil and mining leases.

SAME. Under Rem. Code, § 6792, limiting oil and mining leases to an area not exceeding one section, the courts will not require the commissioner of public lands to execute an oil lease of unsurveyed tide lands described as "all tide lands belonging to the state" abutting on certain sections "containing 640 acres," where the area could not be ascertained without an actual survey, for which the state had made no provision.

Application filed in the supreme court November 5, 1919, for a writ of mandamus to compel the commissioner of public lands to execute to relator a lease for mining purposes. Denied.

[1]Reported in 188 Pac. 923.

*Norwood W. Brockett,* for relator.

*The Attorney General* and *John A. Homer, Assistant,* for respondent.

TOLMAN, J.—This is an application for a writ of mandamus to require the commissioner of public lands to execute a lease to the relator for mining and extracting petroleum and natural gas from certain tide lands belonging to the state of Washington. It is conceded that the relator has fully complied with the provisions of the statute relating to leasing of state lands for the purpose of mining and extraction of petroleum and natural gas. The state land commissioner refused to execute the lease on the ground that tide lands are not lands within the meaning of the statute, which provides as follows:

"The commissioner of public lands of the state of Washington is hereby authorized to execute leases and contracts for the mining and extraction of petroleum and natural gas from any land belonging to the state or from any lands in which the state may hereafter acquire title, subject to the conditions hereinafter provided." Rem. Code, § 6791.

"Any citizen of the United States finding petroleum or natural gas upon any lands belonging to the state of Washington may apply to the commissioner of public lands for a lease of any amount of such land not to exceed one section." Rem. Code, § 6792.

So the first question in the case is whether these lands are lands belonging to the state. Section 6641, Rem. Code, classifies state lands as follows:

"That for the purpose of this act all lands belonging to and under the control of the state shall be divided into the following classes:
"(1)  Granted lands.  .  .  .
"(2)  Tide-lands.  .  .  .
"(3)  Shore lands.  .  .  .
"(4)  Harbor lines and areas.  .  .  ."

Section 6642 provides:

"All lands described in the last section are 'public lands' and the terms 'public lands' and 'state lands' shall be defined and deemed to be synonymous whenever either is used in this chapter."

We think it is apparent from these provisions that tide lands are public lands belonging to the state.

In *Sequim Bay Canning Co. v. Bugge*, 49 Wash. 127, 94 Pac. 922, 16 Ann. Cas. 196, at page 133, we said:

"Exercising its power in the premises, this state has classified its tide lands with other public lands of the state. Bal. Code, §§ 2133, 2134 (P. C., §§ 8162, 8163). Provision is made for their sale as for other lands (Bal. Code, §§ 2177-2181, P. C., §§ 8206, 8208), and special authority for leasing them has been conferred by the legislature. Bal. Code, § 2180 (P. C., § 8209)."

The last section above quoted is now § 6764, Rem. Code, which provides as follows:

"Tide and shore lands which have not been sold, and for which application to purchase have not been theretofore filed and are pending, may be leased in the same manner as provided for the lease of school and granted lands: . . ."

Counsel for respondent argue that the terms "state lands" or "public lands," used in the statute, do not include tide lands, and cite *Baer v. Moran Brothers Co.*, 2 Wash. 608, 27 Pac. 470, and *Seattle & M. R. Co. v. State*, 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217. In the first of these cases the land involved was below the line of extreme low tide. Such land was not tide land. In the other case the court held that tide land was not land within the meaning of the statute giving railroad companies the right to condemn land; but since that time the legislature passed the act of 1897, which delegated to a board of state land commissioners authority over granted,

school, tide, oyster and other lands, and declared that all such lands are public lands. Laws of 1897, ch. 89, p. 229. So those decisions are no longer authority upon the question now under consideration.

Respondent also argues that, because these tide lands have not been surveyed, and because the act limits the leasing of such lands to an amount not to exceed one section, therefore the legislature did not intend to include unsurveyed tide lands.

Section 6792, Rem. Code, provides that the application for lease may include "any amount of such land not to exceed one section." The application here is in the following language:

"All the tide lands belonging to the state of Washington lying contiguous and adjacent to and abutting upon sections 1, 12, 13, 23, 26 and 35, all in township 31 north, range 16 west, W. M., also sections 1, 12, 13, 24, 25 and 36, in township 30 north, range 16 west, W. M., also sections 18, 19 and 31, in township 30 north, range 15 west, W. M., all in Clallam county, state of Washington, subject to any existing leases not inconsistent with the boring for oil and gas on said land. Containing 640 acres."

Passing the obvious objection that the words "containing 640 acres" do not in any sense limit the acreage to that amount, it does not appear that the state has made any provision for the survey of second class tide lands, or that the area of the tract here described has ever been ascertained, officially or otherwise, nor can such area be determined by any mathematical process from the description contained in the application. The mere allegations of the application (if there were such) that the land sought to be leased does not exceed one section in area would not be binding upon the commissioner of public lands, and since it cannot be ascertained without an actual survey that the lands embraced in the application do not exceed in area the

amount which the statute designates, the courts should not interfere with the' action of the commissioner in refusing to issue the lease sought. The cases upon which relator relies, *State ex rel. Pindall v. Ross,* 55 Wash. 242, 104 Pac. 216, and *State ex rel. McKee v. Savidge,* 108 Wash. 292, 183 Pac. 111, have no application to the question here presented. In neither of them was there any practical difficulty in ascertaining the area desired to be leased.

The writ prayed for will therefore be denied.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MOUNT, JJ., concur.